b.  any case or other container designed for use in storing or carrying tapes, compact discs, cassettes, or other recording or recorded media;

c.  any device used for the detection or location of radar, laser, or other speed measuring equipment or its transmissions;

d.  CB radios, telephones, two-way mobile radios, or televisions; and

e.  portable audio or video storage devices;

13. to a camper body or slide on camper either permanently installed or detachable. However, this exclusion shall not apply if such equipment is specifically listed on the **Dec Page** or as Special Equipment pursuant to an endorsement;

14. to **special equipment** in excess of the applicable Limits of Liability;

15. to a **covered car**, **non-owned car**, or **trailer**, for diminution of value. Diminution of value means any decrease in the property's value, however measured, resulting from **loss**, repair or replacement;

16. due to illegal sale, or repossession of a **car** or **trailer** by the rightful **owner**;

17. resulting from the purchase of any **car** or **trailer** from any person or organization, other than its rightful **owner**;

18. to any expense resulting from the loss of use of a **car** or **trailer**, or to any **loss** whatsoever to the extent that the expense or **loss** arises by reason of the unavailability of stock repair parts or repair service in the vicinity of the place where the **loss** to the **car** or **trailer** occurs or the stolen **car** or **trailer** is recovered;

19. resulting from lack of lubricant, coolant or **loss** resulting from seepage of water;

20. to any obligation assumed by **you** or the registered **owner** or legal **owner** of a **car** or **trailer**, for any of the following costs:

a.  estimating fees;

b.  teardown charges;

c.  handling fees;

d.  negotiating charges;

e.  administrative fees;

f.  higher than reasonable (for the area) storage or towing fees; or

g.  any other charges which are not part of the necessary cost of repairing the **car** or **trailer**;

32

21. occurring while a **covered car**, **non-owned car**, or **trailer** is being used in any illegal trade or transportation, or to commit a felony, or for any other purpose which is legally recognized to be criminal. This exclusion does not apply to a felony deemed as such due solely to an alcohol or speed violation;

22. to, or loss of use of, a **non-owned car** if a public automobile rental agency is precluded from recovering such **loss** or loss of use from **you** or a **relative**, pursuant to the provisions of any applicable rental agreement or state law;

23. arising out of the **ownership**, maintenance, or use of a **covered car** or **trailer** while being leased or rented to others; or

24. to a **covered car**, **non-owned car**, or **trailer** caused directly or indirectly by mold, mildew, or fungus, including any type or form of:

    a. decomposing or disintegrating organic material or microorganism;

    b. organic surface growth on moist, damp, or decaying matter;

    c. yeast or spore-bearing plant-like organism; or

    d. spores, scents, toxins, bacteria, viruses, or any other by-products produced or released by any mold, mildew, fungus, or other microbes.

    However, this exclusion does not apply to **loss** caused by mold, mildew, or fungus if such **loss** is caused by any other **loss** covered under this Part IV.

## LIMITS OF LIABILITY

1. The Limit of Liability for **loss** to a **covered car**, **non-owned car**, or **trailer** will be the lowest of:

    a. the **actual cash value** of the stolen or damaged property at the time of the **loss**, reduced by the applicable deductible shown on the **Dec Page**, and by its salvage value if **you** or the **owner** retain salvage;

    b. the amount necessary to repair or replace the stolen or damaged property to its pre-**loss** condition with parts or property of like kind and quality, reduced by the applicable deductible shown on the **Dec Page** and by its salvage value if **you** or the **owner** retain salvage; or

    c. the Limit of Liability on the **Dec Page**, if one is shown, reduced by the applicable deductible

33

shown on the **Dec Page**, and by its salvage value if **you** or the **owner** retain salvage.

However, if the **loss** is to a **trailer**:

a. the most **we** will pay for **loss** to a **trailer** that is shown on the **Dec Page** is the limit of liability shown on the **Dec Page** for the **trailer** sustaining the **loss**; and

b. the most **we** will pay for **loss** to any other **trailer** is $500.

2. Payments for **loss** covered under Collision, Comprehensive and Special Equipment Coverage are subject to the following provisions:

a. no more than one deductible shall be applied to any one covered **loss**;

b. if coverage applies to a **non-owned car**, the highest deductible on any **covered car** shall apply;

c. if a Limit of Liability is shown on the **Dec Page** for a **covered car** or **trailer**, that stated amount will be the total Limit of Liability applicable for **loss** to the **covered car** or **trailer**, including its special equipment;

d. an adjustment for depreciation and physical condition will be made in determining the Limit of Liability at the time of the **loss**. If new parts are used to replace parts normally subject to wear and tear, depreciation will be taken to the extent of the wear and tear. If a repair or replacement results in better than like kind or quality, **we** will not pay for the amount of the betterment;

e. in determining the amount necessary to repair damaged property to its pre-**loss** condition, the amount to be paid by **us**:

   (i) shall not exceed the prevailing competitive labor rates charged in the area where the property is to be repaired, and the cost of repair or replacement parts and equipment, as reasonably determined by **us**; and

   (ii) will be based on the cost of repair or replacement parts and equipment which may be new, refurbished, restored, or used, including, but not limited to:

      (1) original manufacturer parts or equipment; and

      (2) non-original manufacturer parts or equipment;

34

    f.  the **actual cash value** is determined by the market value, age, and condition of the **car** or **trailer** at the time the **loss** occurs; and

    g.  duplicate recovery for identical elements of damages is not permitted.

3.  If more than one **car** or **trailer** is shown on the **Dec Page**, coverage will be provided as specified on the **Dec Page** as to each **car** or **trailer**.

4.  No deductible will apply to a **loss** to window glass when the glass is repaired instead of rep'  '

5.  If two or more deductibles apply to any ᴜᴜᴇ covered **loss**, only the lowest deductible will apply.

6.  No deductible will apply to a Collision Coverage **loss** if:

    a.  **you** are legally entitled to recover the amount of the **loss** from the **owner** or **operator** of a **motor vehicle** that caused the **loss**;

    b.  the **owner** or operator of the **motor vehicle** that caused the **loss** is identified and has insurance that will cover the **loss** or is self-insured and will cover the **loss**; and

    c.  the amount of repairs to the **covered car, non-owned car**, or **trailer** exceeds the amount of the deductible.

Payments for **loss** covered under Collision and Comprehensive Coverage in this Part IV are also subject to the following provisions:

To determine the amount necessary to repair the damaged property to its pre-**loss** condition as referred to in paragraph 1.b. the total cost of necessary repair will be reduced by:

1.  the cost of labor, parts, and materials necessary to repair or replace damage, deterioration, defects, or wear and tear on exterior body parts, windshields and other glass, wheels, and paint, that existed prior to the **accident** or **loss** and that is eliminated as a result of the repair or replacement of property damaged in the **accident** or **loss**.  This adjustment for physical condition includes, but is not limited to, broken, cracked, or missing parts, rust, dents, scrapes, gouges, and peeling paint;

2.  an amount for depreciation (also referred to as betterment) that represents a portion of the cost of mechanical parts (parts that wear out over time and

have a useful life typically shorter than the life of the vehicle as a whole) that are installed as replacements for existing mechanical parts that were defective, inoperable, or nonfunctional prior to the **accident** or **loss**, which **we** deem necessary to replace in the course of repair; and

3. an amount for depreciation (also referred to as betterment) that represents a portion of the cost for replacement tires, batteries, engine, or transmission, determined by the proportional increase in the useful life of the replacement part when compared to the replaced part.  For example, if **we** replace a twenty-four (24) month old battery that had a manufacturer's rated life of sixty (60) months with a new sixty (60) month rated battery, **our** payment for the battery is reduced by forty percent (40%) and **you** are responsible to pay that forty percent (40%) portion of the cost of the battery.  However, the reduction of the amount **we** will pay for a new or rebuilt engine or transmission will be determined by using the proportion of the actual miles used before replacement, after reducing the miles used by 80,000, bears to 150,000 miles (or any other measure of useful engine life as reasonably determined by **us**).  If **we** replace an engine or transmission that has less than 80,000 miles of use, no reduction shall be taken.

However, any reduction under this provision for betterment:
1. is limited to the amount that represents a measurable increase in market value; and
2. may not exceed the replacement costs of any missing part or parts.

When a **car** is damaged, whether or not such damage is covered under this policy, **our** liability shall be reduced by the amount of such damage until repairs have been completed, but shall then attach as originally written without additional premium.

## INSURING AGREEMENT – TOWING AND LABOR COSTS

If **you** pay the premium for Towing and Labor Costs Coverage, **we** will pay for Towing and Labor Costs incurred by **you** as a result of the disablement of a

**covered car** for which this coverage has been purchased or **non-owned car**, subject to the Limit of Liability shown on the **Dec Page**, provided that:

1.  the labor is performed at the place of disablement; and

2.  the disablement does not occur at **your** residence.

## INSURING AGREEMENT – FULL COMPREHENSIVE SAFETY GLASS COVERAGE

If **you** pay a premium for Full Comprehensive Safety Glass Coverage, **we** will pay under Comprehensive Coverage, without a deductible, for **loss** to:

1.  glass used in the windshield, doors and windows of a **covered car**; and

2.  the glass, plastic, or other materials used in the lights of a **covered car**.

## INSURING AGREEMENT – RENTAL CAR REIMBURSEMENT COVERAGE

If **you** pay a premium for Rental Car Reimbursement Coverage **we** agree to the following:

1.  For losses other than theft of the entire **car**:

    **We** will pay up to the specified limits on the **Dec Page** for each day for up to thirty (30) days, for any one **accident**, the rental charges incurred by **you** when **you** rent a **car** from a licensed rental agency or licensed **car** repair shop due to a **loss** to a **covered car**, other than a total theft, that is payable under this Part IV. Rental charges will be reimbursed beginning:

    a.  when the **covered car** cannot be driven due to a **loss**; or

    b.  if the **covered car** can be driven, when **you** deliver the **covered car** to a **car** repair shop for repairs due to the **loss**;

    and ending when the **covered car** has been repaired, replaced, or if the **covered car** is deemed by **us** to be a **total loss**, forty-eight (48) hours after **we** make an offer to pay **our** Limit of Liability for the **covered car**.

    **You** must provide **us** with written proof of **your** rental charges.

Duplicate recovery for identical elements of damages is not permitted under this policy.

2. For theft of the entire **car**:

   **We** will pay up to the specified limits on the **Dec Page** for each day for up to thirty (30) days, the rental charges incurred by **you** when **you** rent a **car** from a licensed rental agency or licensed vehicle repair shop due to a **loss** to a **covered car** that is covered under this Part IV.

   Reimbursement will be for the period beginning 12:01 A.M. on the day following the day the theft is reported to **us** and the police, and terminating on 12:01 A.M. on the day following **our** settlement offer for the theft, or if **the covered car** is recovered before settlement, terminating at 12:01 A.M. on the day following completion of repair.

   **You** must provide **us** with written proof of **your** transportation expenses. **We** will pay for such expenses only if the **Dec Page** indicates that Comprehensive Coverage is provided for that **car**.

   Duplicate recovery for identical elements of damages is not permitted by this policy.

   Theft of the entire **car** and any subsequent damages following the theft and before repairs are completed, shall be considered a single **loss**. This benefit is not payable for any period that the **car** is in the possession of any **insured** and is drivable.

## NEW CAR ADDED PROTECTION

If **you** have both Collision Coverage and Comprehensive Coverage in effect under this policy at the time of **loss** to **your covered car** and the **loss** is covered under either of those coverages, **we** will provide New Car Added Protection for that **covered car** if:

1. **your** Policy Declaration indicates that New Car Added Protection Coverage is in effect for that **covered car**;
2. **you** are the original owner of that **covered car**;
3. that **covered car** was not previously titled; and

38

4. the **loss** occurs during a policy period that began any time during a calendar year in which that **covered car** was two model years old or less.

New Car Added Protection Coverage does not automatically apply to any replacement car or additional car **you** acquire during the policy period.

A. **Repair Provision**

In the event of a covered **loss**, other than a **total loss**, due to physical damage to the **covered car** to which New Car Added Protection Coverage applies, **we** will repair that **covered car,** without depreciation. This Repair Provision does not apply to **loss** caused by fire, theft, larceny, or flood. This repair provision does not apply to a leased vehicle.

The most **we** will pay to repair the **covered car** will be the lesser of the following, reduced by any amount paid or payable under the Collision Coverage or Comprehensive Coverage of this policy and any deductible for which **you** are responsible under Collision Coverage or Comprehensive Coverage of this policy:

1. the cost to repair or replace the property or part to its physical condition at the time of **loss** using parts produced by or for the vehicle's manufacturer, or parts from other sources, including, but not limited to, non-original equipment manufacturers, subject to applicable state laws and regulations; or

2. the **actual cash value** of the **covered car** at the time of **loss**, which may include a deduction for depreciation.

**We** reserve the right to repair or replace the damaged property or part, or to pay for the loss in money.

**LIMITATION**: If **we,** at **our** option, elect to pay for the cost to repair or replace the property or part, **our** liability does not include any decrease in the property's value, however measured, resulting from the **loss** and/or repair or replacement.

B. **Replacement Provision**

In the event of a covered **total loss** due to physical damage to the **covered car** to which New Car Added Protection applies, **we** will pay to replace that

39

**covered car**. This Replacement Provision does not apply to loss caused by fire, theft, larceny or flood. This Replacement Provision does not apply to a leased vehicle.

The amount **we** pay to replace the **covered car** will not exceed the cost of a new car of the same make and model with the same equipment or, if a new car of the same make and model with the same equipment is not available, the cost of a new car that is:

1. similar in size, class, body type and equipment; and
2. similar in price to the price **you** paid for the **covered car** being replaced, as adjusted for inflation, but not to exceed an amount equal to 110% of the Manufacturer's Suggested Retail Price of the **covered car** being replaced.

A new car is one that has not been previously titled and is of the latest model year available at the time of the loss.

New Car Added Protection is excess over any other collectible insurance.

**PAYMENT OF LOSS**

At **our** expense, **we** may return any recovered stolen property to **you** or to the address shown on the **Dec Page**, with payment for any damage resulting from theft. **We** may keep all or part of the property at the agreed or appraisal value. **We** may settle any **loss** with **you** or the **owner** or lien holder of the property.

**NO BENEFIT TO BAILEE**

Coverage under this Part IV will not directly or indirectly benefit any carrier or other bailee for hire.

**LOSS PAYEE AGREEMENT**

Payment under this Part IV for **loss** to a **covered car** will be made according to **your** interest and the interest of any Loss Payee or lien holder shown on the **Dec Page** or designated by **you**. Payment will be made to both jointly, or separately, at **our** discretion. We may make payment

40

for a partial loss covered under this Part IV directly to the repair facility with **your** consent.

The Loss Payee or lien holder's interest will not be protected where fraud, misrepresentation, material omission, or intentional damage has been committed by or at the direction of **you** or a **relative** or where the **loss** is not otherwise covered under the terms of this policy.

**We** will be entitled to the Loss Payee or lien holder's rights of recovery, to the extent of **our** payment to the Loss Payee or lien holder.

**OTHER INSURANCE**

If there is other applicable insurance, **we** will pay only **our** share of the **loss**. **Our** share is the proportion that **our** Limit of Liability bears to the total of all applicable limits. However, any insurance **we** provide for a **non-owned car** or **trailer you** do not **own**, will be excess over any other collectible source of recovery including, but not limited to:

1.  any coverage provided by the **owner** of the **non-owned car** or **trailer**; and
2.  any other applicable Collision Coverage, Comprehensive Coverage, or other physical damage insurance.

**APPRAISAL**

If **we** cannot agree with **you** on the amount of a **loss**, then **you** or **we** may demand an appraisal of the **loss**. If a demand for an appraisal is made, each party shall appoint a competent and impartial appraiser. The appraisers will determine the amount of the **loss**. If they fail to agree, the disagreement will be submitted to a qualified and impartial umpire chosen by the appraisers. If the two appraisers are unable to agree upon an umpire within fifteen (15) days, **we** or **you** may request that a judge of a court of record, in the county where **you** reside, select an umpire. The appraisers and umpire will determine the amount of **loss**. The amount of **loss** agreed to by both appraisers, or by one appraiser and the umpire, will be binding. **You** will pay **your** appraiser's fees and expenses. **We** will pay **our** appraiser's fees and expenses. Payment of the umpire and all other expenses of the

41

appraisal will be shared equally between **you** and **us** unless the award is equal to or greater than the last demand made by **you**, in which case **we** shall pay all reasonable costs of appraisal but **we** will not be responsible for attorney fees. Neither **you** nor **we** waive any rights under this policy by agreeing to an appraisal.

## GENERAL PROVISIONS

### POLICY PERIOD AND TERRITORY

This policy applies only to **accidents** and **losses**, which occur during the policy period shown on the **Dec Page** and:

1. within any state, territory, or possession of the United States of America;
2. any province of Canada; or
3. while a **covered car**, **non-owned car**, or **trailer** is being transported between their ports.

### POLICY CHANGES

This policy, **your** application for insurance (which is made a part of this policy as if attached thereto), the **Dec Page**, as amended, and endorsements issued by **us** to this policy contain all the agreements between **you** and **us**. Subject to the following, its terms may not be changed or waived except by written endorsement issued by **us**.

The premium for each **car** is based on information **we** have received from **you** or other sources. **You** agree to cooperate with **us** in determining if this information is correct and complete and **you** will promptly notify **us** if it changes during the policy period. If this information is incorrect, incomplete, or changes, during the policy period, **we** may adjust **your** premium during the policy period, or take other appropriate action. If a premium adjustment is necessary, **we** will make the adjustment as of the effective date of the change. To properly insure **your car**, **you** must promptly notify **us** when:

1. **you** change **your** address;
2. any drivers are added or deleted;
3. **you** acquire a **new car**; or
4. the type of use changes for a **covered car**.

Changes that result in premium adjustment are contained in **our** rates and rules. These include, but are not limited to:

1. changes in the number, type, or use classification of **covered cars**;
2. changes in drivers using **covered cars**, their ages, driving, **accident**, or claim record, or marital status;
3. a **relative** or **resident** obtaining a driver's license or operator's permit;
4. changes in the place of principal garaging of any **covered car**;
5. changes in coverage, deductibles, or limits of liability; or
6. changes in rating territory or discount or surcharge eligibility.

## SMALL PREMIUM ADJUSTMENTS

When a change results in an additional or return premium of $5 or less, no charge or return will be made. However, if any future bill is sent to **you** the balance due will reflect a charge or credit for any small premium adjustments of $5 or less. **You** have the right to all return premiums. Refunds of $5 or less will be made if specifically requested by **you**.

## COVERAGE FOR A NEW CAR

If this policy insures two or more **cars** and the coverages, deductibles and limits of liability are not the same for each **car**, then the coverages, deductibles and limits of liability applicable to the **new car** will be as follows:

1. if the **new car** replaces a **car** listed on the **Dec Page**, the coverages, deductibles, and limits of liability will be those provided for the replaced **car**; or
2. if the **new car** is an additional **car**, the coverages, deductibles, and limits of liability will be those provided for any single **car** listed on the **Dec Page**. **You** may choose the applicable listed **car**.

If this policy insures only one **car**, the coverages, deductibles, and limits of liability applicable to the **new car** will be those provided for the **car** listed on the **Dec Page**.

However, coverage under Part IV Damage To A Car Collision Coverage and Comprehensive Coverage with a

43

deductible of $500 for each coverage will apply to a **new car** for five (5) days after **you** become the **owner** of the **car** if no such coverage applies to the **new car** per the specifications in this section. If **you** apply to **us** for insurance on such **new car** after this five-day period, any Collision or Comprehensive Coverage **we** provide will begin at the time **you** request the coverage.

## TERMS OF POLICY CONFORMED TO STATUTES

If any provision of this policy fails to conform to the legal requirements of the State of Arizona, the provision shall be deemed amended to conform to such legal requirements. All other provisions shall be given full force and effect. Any disputes as to the coverages provided or the provisions of this policy shall be governed by the law of the State of Arizona.

## CARS WITH COMPREHENSIVE COVERAGE AND/OR COLLISION COVERAGE ONLY

If **you** purchase only:
1.  Comprehensive Coverage;
2.  Collision Coverage; or
3.  Comprehensive Coverage and Collision Coverage;
for a **covered car**, no other coverage will be provided under this policy with respect to the **ownership**, maintenance or use of that **covered car**, or any replacement for that **covered car**, until after **you** have asked **us** to add other coverage.

## TRANSFER

This policy may not be transferred to another person without **our** written consent. If a named insured dies, this policy will provide coverage for:
1.  the named insured's surviving spouse if a **resident** in the same household at the time of death. Coverage applies to the spouse as if a named insured shown on the **Dec Page**; and
2.  the named insured's legal representative, while acting as such, and for persons covered under this policy on the date of the named insured's death.

44

## FRAUD OR MISREPRESENTATION

Misrepresent or misrepresentations mean representation of information to **us** on **your** application for insurance, during the policy period, or in connection with the presentation or settlement of a claim that is known by **you** or an insured person to be false or misleading and affects either the eligibility for coverage and/or premium that is charged. This also includes concealment of such information relevant to **your** application for insurance, the maintenance of coverage, or the presentation or settlement of a claim once the policy is in force.

This policy was issued in reliance upon information provided on **your** application.

**We** may cancel this policy and deny coverage under this policy if **you** or an insured person has fraudulently misrepresented any material fact or circumstance at the time application was made.

**We** will not provide coverage under this policy to any person who has knowingly concealed or misrepresented any material fact or circumstance, or engaged in fraudulent conduct in connection with the presentation or settlement of a claim.

**We** will not provide coverage under this policy if there has been fraud or misrepresentation even after the occurrence of an **accident** or **loss**. This means that **we** will not be liable for any claims or damages which would otherwise be covered. However, if **we** cancel this policy for misrepresentation, this shall not affect coverage under Part I – Liability up to the limits of liability required by the Arizona Financial Responsibility Act if the **accident** occurs before **we** notify **you** that the policy is canceled.

**We** reserve all rights to indemnity against a person committing fraud or misrepresentation for all payments made and costs incurred. If **you** or an **insured person** makes a misrepresentation and **we** are required to make payment because of the financial responsibility laws of any state, or because of **our** obligation to a lien holder, **we** have the right to recover all damages and expenses from **you**.

45

## PAYMENT OF PREMIUM

If **your** initial premium payment is by check, draft, or any remittance other than cash, coverage under this policy is conditioned upon the check, draft, or remittance being honored upon presentment to the bank or other financial institution. If the check, draft, or remittance is not honored upon presentment, this policy may, at **our** option, be deemed void from its inception. This means that **we** will not be liable under this policy for any claims or damages which would otherwise be covered if the check, draft, or remittance had been honored upon presentment.

A charge may be added to **your** account if:

1. **you** tender a check, draft, remittance or other method of payment to **us** for any full or partial payment of **your** premium, other than **your** initial payment, and the check, draft, or other method of payment is returned to **us** or refused because of insufficient funds, a closed account, or a stop payment order;
2. **your** premium payment is not postmarked on or before the seventh day after the due date; or
3. **you** reinstate **your** policy after cancellation.

## CANCELLATION AND NON-RENEWAL

**You** may cancel this policy by calling, or by mailing or faxing a written request for cancellation to **us** or **our** agent, stating the future date that **you** wish the cancellation to be effective. Coverage shall cease and the policy period shall end on the latest date listed below:

1. 12:01 A.M. on the day specified by **you** in the request for cancellation; or
2. 12:01 A.M. on the day the request is received by **us** or **our** agent.

**We** may cancel or refuse to renew this policy by mailing a notice of cancellation or non-renewal, by certified mail or United States Post Office certificate of mailing, to the first named insured shown on the **Dec Page** at the last known address appearing in **our** records.

A minimum grace period of seven days applies for the payment of any premium due except the first. During this grace period the policy shall continue in full force.

46

Notice shall be mailed:

1. At least eight days after the premium due date if cancellation is for nonpayment of premium. Cancellation is to take effect no earlier than the date of the mailing of the notice.
2. At least 10 days prior to the date cancellation is to take effect in all other cases.

**We** will not cancel this policy solely because of the location of residence, age, race, color, religion, sex, national origin, or ancestry of anyone who is insured. However, **we** may cancel this policy for underwriting reasons within the first fifty-nine (59) days of the initial policy period.

Once this policy is in effect for sixty (60) days, or if this is a renewal or continuation policy, **we** may cancel or refuse to renew this policy only for one or more of the following reasons:

1. non payment of premium when due or after a grace period, if applicable;
2. the policy was obtained through fraudulent misrepresentation;
3. **you**, a person residing in **your** household, or any person who customarily or regularly and frequently operates a **covered car**:
   a. has had his or her driver's license suspended or revoked during the policy period;
   b. becomes permanently disabled, either physically or mentally, unless the person produces a certificate from a physician or registered nurse practitioner testifying to the person's ability to operate a **motor vehicle**;
   c. has, within the thirty-six (36) months prior to the effective date of the policy or during the policy period, been convicted of:
      (i) criminal negligence, resulting in death, homicide or assault, arising out of the operation of a **motor vehicle**;
      (ii) driving while intoxicated or under the influence of drugs;
      (iii) leaving the scene of an **accident**;
      (iv) making false statements in an application for a driver's license; or
      (v) reckless driving; or

47

    d.  uses a **covered car** regularly and frequently for **commercial use**;

4.  **we** have been placed in rehabilitation or receivership by the insurance officials of **our** state of domicile or by a court of competent jurisdiction; or

5.  Arizona's Director of Insurance has suspended **our** authority because **our** financial condition is hazardous or has determined that the continuation of this policy would jeopardize **our** solvency or place **us** in violation of the laws of Arizona.

In addition to 1-5 above, **we** may refuse to renew this policy if either **you**, a person residing in **your** household, or any person who customarily or regularly and frequently operates a **covered car** has, within the thirty-six (36) months prior to the notice of non-renewal, had three (3) or more at-fault **accidents** in which the **property damage** paid for each **accident** exceeded:

1.  $2,150 for **accidents** occurring in 2006; $2,220 for **accidents** occurring in 2007; $2,280 for **accidents** occurring in 2008; $2,370 for **accidents** occurring in 2009; or

2.  the amount published annually by the Arizona Department of Insurance for **accidents** occurring after January 1, 2010.

This does not apply if **you** have been insured with **us** for standard automobile **bodily injury** coverage for at least ten (10) consecutive years prior to the most recent at-fault **accident**. As used in this provision, "at-fault" means the person is at least fifty percent (50%) responsible for the **accident**. Notice of **our** refusal to renew for three or more at-fault **accidents** shall be mailed at least forty-five (45) days before the effective date of non-renewal. If **you** believe **we** have made an incorrect determination of fault, **you** may file a written objection with the Arizona Director of Insurance within ten (10) days after **you** receive notice of non-renewal.

If this policy is subject to:

1.  cancellation or non-renewal under reason number 3.a. through 3.c. above because of the wrongdoing or fault of a person other than **you**; or

2.  non-renewal because a person other than **you**, has had three (3) or more at-fault **accidents**;

**we** will not terminate this policy if **you** agree in writing to exclude such person, by name, as insured when operating a **motor vehicle** and also agree to exclude coverage to

48

**you** for any negligence which may be imputed by law to **you** arising out of the maintenance, operation, or use of a **motor vehicle** by such excluded person.

## CANCELLATION REFUND

Upon cancellation, **you** may be entitled to a premium refund or owe **us** for unpaid earned premium and/or fees. If this policy is canceled, the premium refund or balance due, if any, will be calculated as follows:
1. If cancellation is initiated by **us**, earned premium shall be computed pro rata;
2. If cancellation is initiated by **you**, including cancellation for non-payment of premium, the earned premium shall be computed pro rata.

All fees are fully earned as soon as the event that triggers the fee occurs.

## PROOF OF NOTICE

Proof of mailing a notice of cancellation or of **our** refusal to renew by certified mail or United States Post Office certificate of mailing is sufficient proof of such notice. Proof of mailing of any other notice to the named insured shown on the **Dec Page** at the last known address appearing in **our** records will be sufficient proof of notice. Notice given by or on behalf of an insured person to any of **our** authorized agents shall be deemed notice to **us** if the notice sufficiently identifies the insured person.

## AUTOMATIC TERMINATION

Coverage for a **covered car** shall terminate automatically when a person other than **you** or a **relative** becomes the **owner** of the **car**.

Comprehensive Coverage and Collision Coverage in excess of $500 for **loss** to a **trailer** shown on the **Dec Page** shall terminate automatically when a person other than **you** or a **relative** becomes the **owner** of the **trailer**.

## COVERAGE CHANGES

If **we** make a change that broadens coverage **you** have under this edition of **your** policy, without additional

charge, **you** will receive the broadened coverage. The broadened coverage applies on the date the coverage change is implemented in **your** state. This provision does not apply to a general program revision or **our** issuance of a subsequent edition of **your** policy. Otherwise, this policy can only be changed by endorsement issued by **us**.

## LEGAL ACTION AGAINST US

**We** may not be sued unless there is full compliance with all the terms of this policy. **We** may not be sued for payment under Part I – Liability To Others until the obligation of an **insured person** to pay is finally determined either by final judgment against that person or written agreement of the **insured person**, the claimant, and **us**. No one will have any right to make **us** a party to a lawsuit to determine the liability of an **insured person**.

If **we** retain salvage, **we** have no duty to preserve or otherwise retain the salvage for any purpose, including evidence for any civil or criminal proceeding.

## OUR RIGHTS TO RECOVER PAYMENT

In the event of any payment under this policy, **we** are entitled to all the rights of recovery that the insured person to whom payment was made has against another, except that this does not apply to payment under Part II - Medical Payments Coverage or under Underinsured Motorist Coverage;

1. If **we** make a payment under Uninsured Motorist Coverage, **we** are subrogated to only those rights of recovery which the **insured person** has against the **owner** or operator of an **uninsured motor vehicle**; and

2. **We** may not assert **our** rights of recovery against any person who was using a **covered car** with **your** express or implied permission for any payment made under Part IV – Damage to a Car.

If **we** are entitled to recovery, the insured person to whom payment was made must sign and deliver to **us** any legal papers relating to that recovery, do whatever else is necessary to help **us** exercise those rights, and do nothing after an **accident** or **loss** to prejudice **our** rights.

50

When an **insured person** has been paid by **us** under this policy and also recovers from another person, entity, or organization, the amount recovered will be held by the **insured person** in trust for **us** and reimbursed to **us** to the extent of **our** payment.

If the **insured person** makes a recovery under this policy from a responsible party without **our** written consent, the **insured person**'s right to payment under any affected coverage, other than Part II – Medical Payments Coverage or Underinsured Motorist Coverage, will no longer exist.

### JOINT AND INDIVIDUAL INTERESTS

If there is more than one named insured on this policy, any named insured may cancel or change this policy. The action of one named insured shall be binding on all persons provided coverage under this policy.

### BANKRUPTCY

The bankruptcy or insolvency of an **insured person** will not relieve **us** of any obligation under this policy.

## NAMED DRIVER EXCLUSION

If **you** have asked **us** to exclude any person from coverage under this Policy, then **we** will not provide coverage under Part I, Part II, or Part IV for claims arising from an **accident** or **loss** while a **covered car** or **non-owned car** is operated by an excluded person. THIS INCLUDES ANY CLAIM FOR DAMAGES MADE AGAINST **YOU**, A **RELATIVE**, OR ANY OTHER PERSON OR ORGANIZATION FOR ANY NEGLIGENCE WHICH MAY BE IMPUTED BY LAW FOR AN **ACCIDENT** ARISING OUT OF THE OPERATION OF A **COVERED CAR** OR **NON-OWNED CAR** BY THE EXCLUDED DRIVER.

This exclusion from coverage applies to any use or operation of a **motor vehicle** including the negligent or alleged negligent entrustment of a **motor vehicle** to any designated excluded driver. This exclusion from coverage shall apply to excluded persons regardless of where they reside or whether they are licensed to drive, until they are

51

added to the policy and **we** approve the addition in writing.

**You** agree to reimburse **us** for any payment made by **us** to a loss payee, because of **loss** arising from the operation or use of a **motor vehicle** by an excluded person.

## AUTOMOBILE DEATH BENEFITS COVERAGE ENDORSEMENT (AAADXX 01 08)

### INSURING AGREEMENT – AUTOMOBILE DEATH BENEFITS COVERAGE

Subject to the Limits of Liability shown on the **Dec Page**, if **you** pay the premium for Automobile Death Benefits Coverage, **we** will pay the limit of Automobile Death Benefits Coverage shown on the **Dec Page** for the death of an **insured person** if it:

1.  occurs within 90 days of a covered **accident**; and
2.  is the direct result of **bodily injury** sustained while the **insured person** is:
    a.  **occupying** a **motor vehicle** or **trailer** with the permission of the **owner**; or
    b.  struck by a **motor vehicle** or **trailer**.

### WHO WE WILL PAY

**We** will pay benefits to a qualified person who is either:

1.  the surviving legal spouse of an **insured person**, if he or she was a **resident** of the deceased's household on the date of the **accident**; or
2.  the surviving parent or parents of an unmarried minor **insured person**, if such persons were **residents** of the deceased's household on the date of the **accident**.

However, if there is no surviving qualified spouse or parent, we will pay the benefits to the lawful estate of the **insured person**.

### ADDITIONAL DEFINITION

When used in this Endorsement, "**insured person**" means a person shown on the **Dec Page**, for whom a premium has been paid for this coverage.

52

**EXCLUSIONS – READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE WILL NOT BE AFFORDED UNDER THIS ENDORSEMENT.**

1. The following exclusions identify the **motor vehicles** and **motor vehicle** uses for which **we** do not provide Automobile Death Benefits Coverage. **We** do not insure a person whose death results from injuries sustained:

   a. while **occupying** a commercially licensed **motor vehicle**, other than a **car**;

   b. while **occupying**, or by being struck by, a **motor vehicle**:

      (i) that operates on rails or crawler treads;

      (ii) that is a farm-type tractor;

      (iii) that is farm-type equipment; or

      (iv) that is designed or modified for use off public roads.

      However, exclusion 1.b. does not apply to an **accident** that occurs on a public road; or

   c. while **occupying** any **motor vehicle** being used in practice or preparation for, or while participating in, any prearranged race, speed, stunt or demolition contest or activity.

2. The following exclusions identify work-related activities and other causes of death for which **we** do not provide Automobile Death Benefits Coverage. **We** do not insure a person whose death results from:

   a. injuries sustained while employed or otherwise engaged in loading or unloading a **motor vehicle** being used to carry persons or property for a charge;

   b. injuries sustained while employed or otherwise engaged in any **auto business**. However, exclusion 2.b. does not apply if the **bodily injury** occurs while that person is **occupying** a **covered car**;

   c. disease, unless it is a direct result of **bodily injury** suffered in an **accident** and is independent of all other causes;

   d. suicide or attempt at suicide, self-inflicted or not, whether he or she is sane or insane at the time;

   e. injuries reasonably expected to arise out of an intentional act by the deceased **insured person**,

whether or not that person intended or had the capacity to intend his or her injuries or death; or

f.   war, whether declared or not, nuclear reaction or nuclear radiation, or radioactive contamination from any source.

**ADDITIONAL DUTIES**

Each person claiming benefits must cooperate fully with **us** and:

1.   assist **us** to obtain all relevant medical records, autopsies, police reports and other records that may tend to establish whether benefits are owed under this Endorsement; and

2.   **we** shall have a reasonable opportunity to have the records reviewed by persons **we** select before benefits are payable.

## NAMED OPERATOR – NON-OWNED CAR COVERAGE

If **you** elect Named Operator – Non-Owned Car Coverage, **you** agree with **us** that this policy is amended as follows:

1.   General Definitions:

a.   The general policy definition of "**you**" and "**your**" is deleted and replaced by the following:

"**You**" and "**your**" mean the person or persons named on the **Dec Page**.

b.   The general policy definitions of "**covered car**" and "**non-owned car**" are deleted and replaced by the following:

"**Covered car**" and "**non-owned car**," mean any **car** that is not **owned** by **you**, a **relative**, a **resident**, **your** employer, or **your** spouse, even if not residing in the same household as **you**, or a **car** not available for **your** regular use.

2.   Part I – Liability To Others

54

a.  Additional Definition: When used in Part I, the definition of "**insured person**" and "**insured persons**" is deleted and replaced by the following:

"**Insured person**" and "**insured persons**" mean:
1.  **you**, when operating or using a **covered car** or **non-owned car** with the express or implied permission of the **owner**; and
2.  any person or organization with respect only to vicarious liability for an **accident** arising out of the use of a **covered car** or **non-owned car** by **you** with the express or implied permission of the **owner**.

b.  Exclusions: The following exclusion is deleted from Part I:

Coverage under Part I, including **our** duty to defend does not apply to:
**bodily injury** or **property damage** arising out of an **accident** involving a **car** while being used by a person while employed or engaged in the **auto business**. However, this exclusion does not apply to **you**, a **relative,** or an agent or employee of **you** or a **relative** when using a **covered car**.

and replaced by the following:

Coverage under this Part I, including **our** duty to defend, does not apply to **bodily injury** or **property damage** arising out of an **accident** involving a **car** while being used by a person while employed or engaged in the **auto business**.

3.  Part II – Medical Payments Coverage

a.  Additional Definitions: When used in Part II, the definition of "**insured person**" and "**insured persons**" is deleted and replaced by the following:

55

"**Insured person**" and "**insured persons**" mean **you** while **occupying** a **covered car** or **non-owned car**, or when struck by a **motor vehicle** or **trailer** while not **occupying** a **motor vehicle**.

b. Exclusions: The following exclusion is deleted from Part II:

> Coverage under this Part II does not apply to **bodily injury**:
>
> arising out of an **accident** involving a **car** while being used by a person while employed or engaged in the **auto business**. However, this exclusion does not apply to **you**, a **relative**, or an agent or employee of **you** or a **relative** when using a **covered car**.

And replaced by the following:

> Coverage under this Part II does not apply to **bodily injury**:
>
> arising out of an **accident** involving a **car** while being used by a person while employed or engaged in the **auto business**.

c. Other Insurance:  The Other Insurance provision under Part II is deleted and replaced by the following:

> **OTHER INSURANCE**
>
> Any  insurance **we** provide under this Part II shall be excess over any other similar insurance or self-insurance.

4. Part III – Uninsured/Underinsured Motorist Coverage

a. When used in Part III, the Additional Definition of "**insured person**" and "**insured persons**" is deleted and replaced by the following:

> "**Insured person**" and "**insured persons**" mean:
> i.  **you**; and

56

2.  any person who is entitled to recover damages covered by Part III, because of **bodily injury** to **you**.

b.  Other Insurance: The Other Insurance provision under Part III is deleted and replaced by the following:

**OTHER INSURANCE**

If there is other applicable similar insurance available under more than one policy or provision of coverage, any insurance **we** provide with respect to a **car you** do not own shall be excess over any other collectible insurance.

**We** will not pay for damages that would duplicate any payment made for damages under other insurance.

If **you** are injured while not **occupying** a **motor vehicle**, the coverage provided under this policy shall be excess to any uninsured or underinsured motorist coverage provided by a policy under which **you** are a named insured.

Notwithstanding any other provision in this policy, if **you**:
1.  purchase multiple policies from **us**; or
2.  an affiliate company on different **cars**;
**you** are entitled to uninsured or underinsured motorist benefits under only one of those policies. The policy with the highest limit of liability shall apply unless **you** elect to apply to a different policy.

In witness whereof, the Company named on the **Dec Page** has caused this policy to be signed by its President and Secretary.

President            Secretary

57