UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Kay Franklin,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>CSAA General Insurance Company,<br><br>　　　　　　Defendant. | Case No. CV-22-00540-PHX-JJT<br><br>**AMENDED<br>PROTECTIVE ORDER** |

  On September 9, 2022, Plaintiff Kay Franklin ("Plaintiff") and Defendant CSAA General Insurance Company ("Defendant") filed a Joint Submission Regarding Discovery Dispute pertaining to a proposed protective order (Doc. 32).

  On September 12, 2022, District Judge Tuchi referred the dispute to the undersigned randomly drawn Magistrate Judge for formulation of "a schedule and plan for the resolution of the discovery matters" in the undersigned's "the sound discretion" and for the undersigned's "resolution of the dispute" (Doc. 33). Upon prompt conferring between counsel for the parties and the undersigned's staff, the undersigned set a telephonic discovery dispute hearing for October 6, 2022 (Doc. 34).

  The parties' Joint Submission Regarding Discovery Dispute regarding a proposed protective order (Doc. 32) states that "[w]hile the parties have come to agreement on nearly all the terms of the proposed order, there are a few items that are in dispute" (*Id.* at 2). After review of the parties' Joint Submission Regarding Discovery Dispute regarding a

proposed protective order (Doc. 32), including the parties' positions and proposed language in the exhibits, as well as considering the arguments of the parties presented on October 6, 2022, the Court resolved the parties' disputes regarding the language of the Protective Order and entered a Protective Order (Doc. 39).

On October 11, 2022, counsel brought to the Court's attention that counsel had not included Section 6.2(k) of Doc. 32, Exhibits A and B, as being part of the parties' protective order dispute. Nevertheless, Section 6.2(k) of Doc. 32, Exhibits A and B pertains to the same dispute. Accordingly, consistent with the Court's rulings on the parties' dispute, the Court enters the Amended Protective Order as set forth below, removing former Section 6.2(k) of Doc. 39 at page 10, lines 17-20.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## 1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action may involve production of confidential, proprietary, or private information for which protection from public disclosure may be warranted. The parties acknowledge that this Order does not confer blanket protection on all disclosures or discovery and that the protection it affords extends only to the limited information or items that are entitled to be treated as confidential under the terms of this Order. Furthermore, the parties acknowledge that neither this Order nor any confidentiality designation pursuant to it constitutes a ruling by this Court that any specific information is, in fact, confidential. Nor does this Order or any confidentiality designation pursuant to it entitle any party to file any information under seal.

## 2. **CONFIDENTIAL INFORMATION**

As used in this order, "Confidential Information" shall mean information or tangible things for information that, if disclosed, will cause a clearly defined injury to the Designating Party (defined below) that outweighs the public's interest in disclosure. Examples of such information may include social security or taxpayer-identification numbers; names of minor children; customer information; insured/claimant medical records/information; internal communications relating to sales/marketing and sales/marketing strategy; technical information; operations information; proprietary training documents; non-public pricing, underwriting and actuarial analyses, documents and information; non-public financial information/documents or other proprietary information; and trade secrets that would cause severe competitive harm to the Designating Party if disclosed.

"Confidential Information" does not include any information that:

a. is publicly available at the time of disclosure;

b. becomes publicly available after disclosure through no fault of the Receiving Party (defined below);

c. was known to the Receiving Party prior to disclosure; or

   d. the Receiving Party lawfully receives from a third party without restriction as to disclosure.

**3. ADDITIONAL DEFINITIONS**

3.1. <u>Party</u>: any party to this action, including all of its officers, directors, consultants, retained experts, and counsel (and their support staff).

3.2. <u>Non-party</u>: any person or entity other than a party.

3.3. <u>Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, documents, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

3.4. <u>Protected Material</u>: any Discovery Material that is designated by a Party or Non-party as "confidential" in accordance with paragraph 4, unless the confidentiality designation is challenged and (a) the Court decides such material is not entitled to protection as confidential; (b) the Designating Party fails to apply to the Court for an order holding that the material is entitled to protection within the time period specified below; or (c) the Designating Party withdraws its confidentiality designation in writing.

3.5. <u>Producing Party</u>: a Party or Non-party that produces Discovery Material in this action.

3.6. <u>Receiving Party</u>: a Party that receives Discovery Material from a Producing Party.

3.7. <u>Designating Party</u>: a Party or Non-party that designates Discovery Material that it produces as confidential. The Designating Party bears the burden of establishing good cause for the confidentiality of all such information or items.

3.8. <u>Challenging Party</u>: a Party that challenges a Designating Party's confidentiality designation.

3.9. <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

3.10. <u>House Counsel</u>: attorneys who are employees of a Party.

3.11. Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staff).

3.12. Expert: a person who has been retained by a Party or Counsel to serve as a testifying or non-testifying expert witness or as a consultant in this action, including any person specially retained to provide expert opinions in a hybrid capacity. This definition includes a professional jury or trial consultant retained in connection with this litigation.

3.13. Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors

**4.    DESIGNATING MATERIAL AS CONFIDENTIAL**

4.1.    Exercise of Restraint and Care in Designating Material for Protection. The designation of material as confidential shall constitute a representation to the Court that the Designating Party and its counsel believe in good faith that the information constitutes Confidential Information. Parties and Non-parties shall make a good faith effort to designate information in a way that provides the greatest level of disclosure possible, while still preserving the confidentiality of Confidential Information.

Each Party or Non-party that designates information or items for protection under this Order must use good faith efforts to limit any such designation to the specific material that qualifies for protection as Confidential Information. If only part of a document contains Confidential Information, the whole document shall not be designated confidential. Instead, solely the specific information that is confidential shall be so designated.

Designations that are shown to be made without substantial justification or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process, or to impose unnecessary expenses and burdens on other parties) may subject the Designating Party to discipline pursuant to the Local Civil Rules of the District of Arizona and the Federal Rules of Civil Procedure.

If it comes to a Designating Party's attention that information that it designated confidential does not qualify for protection, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

4.2. <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly designated confidential before the material is disclosed or produced.

Designation in conformity with this Order requires:

a. <u>For information in documentary form</u> (apart from transcripts of depositions), the Producing Party must affix the legend "CONFIDENTIAL" at the bottom of each page that contains material designated confidential. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the confidential portion(s) (e.g., by making appropriate markings in the margins, but not over text). For documents where a designation on the face of the document is not possible (e.g. documents produced in the native format) the document shall be named with the appropriate designation (i.e. "Confidential") either preceding or following the bates number in the naming convention (e.g. "CONFIDENTIAL.BATES_00001.xls").

A Party or Non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be treated as Protected Material. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the legend "CONFIDENTIAL" at the bottom of each page that contains Confidential Information. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the confidential portion(s) (e.g., by making appropriate markings in the margins, but not over text).

      b.    <u>For testimony given in deposition proceedings</u>, a party that wishes to designate any portion of the deposition transcript must do so, in writing within 30 days following receipt of the final transcript. During that 30-day period, the entire deposition transcript shall be treated as confidential. The Designating Party must identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Stipulated Protective Order.

      c.    <u>For information produced in some form other than documentary and for any other tangible items</u>, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall also identify the protected portions in such a way that does not interfere with the viewing of the evidence.

      d.    <u>Responses to interrogatories and other discovery requests</u>: If a response to an interrogatory or other discovery request contains Protected Material, the response shall be provided in a separate document, appended to the main body of responses and incorporated by reference therein. The response to the interrogatory or discovery request in the main body of the responses should be "see confidential addendum." The Designating Party shall affix the word "CONFIDENTIAL" to each page of the separate document appended to the responses.

      e.    <u>Inadvertent Failures to Designate</u>: An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order.

    **5.**    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

    5.1.    <u>Timing of Challenges</u>. Any Party may challenge a designation of confidentiality during the pendency of the litigation. A Party or Non-party does not waive

its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

      5.2.    <u>Procedure for Parties Challenging Confidentiality Designations</u>. A Party may challenge the designation of a document or other material as Confidential as follows:

      a.    If a Party believes in good faith that material has been improperly designated Confidential, that Party shall provide to the Designating Party written notice challenging the designation(s). During the 10-day period following provision of this written notice to the Designating Party (the "Meet and Confer Period"), the Challenging and Designating Parties shall try to resolve the challenge in good faith on an informal basis.

      b.    If the Parties cannot resolve the challenge without court intervention during the Meet and Confer Period, the Designating Party shall have 20 days from the receipt of the written challenge notice to file a motion requesting that the Court determine whether the challenged material is, in fact, entitled to protection and that, if so, the Court issue a protective order requiring that the challenged material not be disclosed. The Designating Party bears the burden of establishing that the challenged material is entitled to protection.

Any material designated as Confidential that is the subject of a challenge shall remain subject to this Protective Order until the Court rules on the Designating Party's motion or, if no motion is made, until the time for the Designating Party to bring a motion has expired. Failure by the Designating Party to make such a motion within the applicable time period for doing so shall automatically waive the confidentiality designation for each challenged designation.

**6.**    **ACCESS TO AND USE OF PROTECTED MATERIAL**

      6.1.    <u>Basic Principles</u>. A Receiving Party or its Outside Counsel may use Protected Material that is disclosed or produced by another Party or by a Non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Protected Material may be disclosed only to the categories of persons and under the conditions described within this order. The restrictions on use of Confidential Material contained in this Order shall not apply to the Producing Party.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to those authorized to access it under this Order.

6.2. <u>Disclosure of Protected Material</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated confidential only to:

    a. Outside Counsel of record of any Party in this action, including associated personnel necessary to assist Outside Counsel in these proceedings, such as litigation assistants, paralegals, and secretarial and other clerical personnel;

    b. Parties to this litigation and their officers, directors, and employees (including House Counsel) to whom disclosure is reasonably necessary for this litigation;

    c. Experts (as defined in this Order) of the Receiving Party, including associated personnel necessary to assist Experts in these proceedings, such as litigation assistants, paralegals, and secretarial and other clerical personnel, so long as such Expert has signed the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A);

    d. the Court, including associated personnel necessary to assist the Court in its functions;

    e. litigation support services, including outside copying services, court reporters, stenographers, videographers, or companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, retained by a Party or its counsel for the purpose of assisting that Party in these proceedings, for whom a company representative has signed the "Acknowledgment and Agreement to Be Bound by Protective Order" (Exhibit A);

    f. other Professional Vendors to whom disclosure is reasonably necessary for this litigation and for whom a company representative has signed the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A);

g.  any actual or potential witness in the action who has signed the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A), provided that counsel believes, in good faith, that such disclosure is reasonably necessary for the prosecution or defense of these proceedings;

h.  the author(s) or recipients of a document or other person who otherwise possessed or knew the designated information;

i.  counsel for issuers of insurance policies under which any issuer may be liable to satisfy part or all of a judgment that may be entered in these proceedings or to indemnify or reimburse payments or costs associated with these proceedings and who has signed the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A);

j.  any mediator or arbitrator appointed by the Court or selected by mutual agreement of the parties and the mediator or arbitrator's secretarial and clerical personnel, provided that a company representative for the mediator or arbitrator has signed the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A); and

k.  any other person as to whom the Producing Party has consented to disclosure in advance and in writing.

**7.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of Protected Material, the Receiving Party must so notify the Designating Party in writing (by e-mail, if possible) within five business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must promptly notify in writing the party that caused the subpoena or order to issue that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy

of this Stipulated Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

If the Designating Party timely seeks a protective order from the court where the subpoena or order issued, the Party served with the subpoena or court order shall not produce any Protected Material before a determination by that court, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**8.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must promptly (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of the terms of this Order, and (d) request such person or persons execute the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" that is attached hereto as Exhibit A.

**9.     USE OF PROTECTED MATERIAL IN COURT**

Neither this Order, nor any confidentiality designation under it, is a sufficient basis for sealing court records. The procedure for filing Protected Material with the Court shall be as follows:

a.     If the filing party is the Designating Party, it shall not move to seal any material that it does not, in good faith, believe meets the legal standard for sealing—even if it has previously marked such material confidential under this Order. If, after evaluating in good faith whether the information meets the legal standard for sealing, the Designating Party still seeks to file information under seal, it must comply with the procedures for sealing of records set forth in Local Civil Rule 5.6.  Unless the party believes in good faith

that an entire document meets the standard for sealing court records, it shall also file a redacted version of the document on the public docket.

  b. If the filing party is the Receiving Party, it shall follow the procedures set forth in Local Civil Rule 5.6.

**10. DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect unless and until a Designating Party agrees otherwise in writing or a court order otherwise directs. Within 30 days after the termination of this action, including all appeals, each Receiving Party must return to the Designating Party or destroy all reasonably accessible Protected Material. Upon either Party's request, the Receiving Party shall certify that all items containing the Designating Party's confidential information have been returned and/or destroyed, respectively. Nothing in this provision shall require any Party or Non-party to access its inaccessible databases for the purpose of deleting documents temporarily stored on such databases.

Notwithstanding this provision, counsel (including in-house counsel), are entitled to retain archival copies of all documents filed with the Court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. The confidentiality obligations imposed by this Order shall remain in effect until the Designating Party agrees in writing, or a court orders otherwise.

**11. MISCELLANEOUS**

  11.1 <u>Protection of the Public</u>. Nothing in this Order is intended to prevent any Party or Non-party from raising with the Court any concern that the non-disclosure of Protected Material may have an adverse effect upon public health or safety, or the administration or operation of government or public office, or any other policy warranting

disclosure for the protection of the public, and therefore the public interest in disclosure outweighs any interest in secrecy.

      11.2    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

      11.3    <u>Non-Parties</u>. Nothing in this Order affects the right of Non-parties to this action to challenge this Order, any confidentiality designations made pursuant to the Order, or the sealing of any court records in this case.

      11.4    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**12.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to a Receiving Party that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). The return or destruction of a document or materials over which the Producing Party has asserted a claim of privilege shall be without prejudice to the Receiving Party's right to seek an order from the Court directing the production of the document on the ground that the claimed privilege is invalid or inapplicable; provided, however, that mere production of the document or information in the course of this action shall not constitute grounds for asserting waiver of the privilege.

In accordance with Federal Rule of Evidence 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other forum, constitute a waiver by the Producing Party of any privilege or protection applicable to those documents, including the attorney-client privilege and the

work product doctrine. This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement between the parties.

Dated this 11th day of October, 2022.

_____
Honorable Deborah M. Fine
United States Magistrate Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Kay Franklin, | Case No. 2:22-cv-00540-JJT |
| Plaintiff, | **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER** |
| v. | |
| CSAA General Insurance Company, | (Assigned to the Honorable John J. Tuchi) |
| Defendant. | |

I acknowledge that I have read and understand the Stipulated Protective Order entered in this action on _____, 2022, and agree to abide by its terms and conditions.

Signed this ____ day of _____, 2022.

_____
Signature

_____
Printed Name

_____
Address

_____
Telephone Number