Robert B. Carey (SBN 011186)
John M. DeStefano (SBN 025440)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
Email: rob@hbsslaw.com
Email: johnd@hbsslaw.com

Evan Goldstein (SBN 011866)
**GOLDSTEIN WOODS & ALAGHA**
706 E Bell Rd., Ste. 200
Phoenix, AZ 85022
Telephone: 602.569.8200
Email: egoldstein@gwalawfirm.com

*Attorneys for Plaintiff*
*[Additional counsel on signature page]*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Kay Franklin, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CSAA General Insurance Co.,<br><br>Defendant. | Case No. 2:22-cv-00540-JJT<br><br>**PLAINTIFF'S MOTION TO TRANSFER TO JUDGE JOHN J. TUCHI PURSUANT TO LRCIV 42.1**<br><br>(Assigned to the Honorable John J. Tuchi) |

MOTION TO TRANSFER

## I.    INTRODUCTION

Plaintiff respectfully requests that the following cases be transferred to Judge John J. Tuchi under Local Rules of Civil Procedure ("LRCiv") 42.1: *Dale v. Travelers Property Casualty Insurance Company*, No. 2:22-cv-01659-SPL (D. Ariz. filed on September 30, 2022); and *Muehlhausen, et al. v. Allstate Fire and Casualty Company*, No. 2:22-cv-01747 (D. Ariz. filed on October 12, 2022). The instant case, *Dale*, *Muehlhausen*, and *Doyle v. Pekin*, No. 2:22-cv-00638 (already pending before Judge Tuchi) (collectively, "Related Cases") all call for the determination of the same central question regarding an insurer's obligation to stack uninsured and underinsured ("UM/UIM") coverages under A.R.S. § 20-259.01(H). The Related Cases also address whether a class should be certified under Rule 23 to resolve this question for all affected insureds. And all these cases arise out of similar factual circumstances: Plaintiffs were seriously injured (or killed) in automobile accidents, and the insurance companies refused to stack UM/UIM coverages in violation of A.R.S. § 20-259.01(H). *See Heaton, et. al v. Metropolitan Group Property and Casualty Ins. Co.*, 2021 WL 6805629, at \*3-8, No. 2:21-CV-00442-SRB (D. Ariz. Oct. 19, 2021).

## II.    BACKGROUND

Plaintiff seeks transfer of *Dale* and *Muehlhausen* because they and the other Related Cases arise from the same core issues. Under Arizona law, auto insurers must permit their customers to stack "policies or coverages" for UM/UIM motor vehicle accident claims unless the insurer employs one of two easy methods to avoid stacking—either (1) including a "statement" in the policy "inform[ing]" the insured of her "right to select one policy or coverage" as "applicable to any one accident," or (2) sending the insured, within thirty days of being notified of the accident, written notice of her "right to select one policy

MOTION TO TRANSFER                    - 1 -

or coverage." A.R.S. § 20-259.01(H). In each of these cases, it is alleged that the insurer did neither.

"Stacking" refers to when an insured obtains coverages for several vehicles and then seeks benefits under multiple [UM or] UIM coverages for the same accident. *Am. Family Mut. Ins. Co. v. Sharp*, 229 Ariz. 487, 491, 277 P.3d 192, 196 ¶ 15 (2012).[1] Because UM/UIM coverage is a personal coverage—despite being associated with a vehicle—it covers the person, not the vehicle. When there are multiple vehicles—each of which has its own respective premium—multiple UM/UIM coverages can exist. Whether in the same policy or in separate policies from the same insurer, those coverage limits can be added together to provide "stacked" benefits for a single claim. In other words, each separate coverage limit can be accessed to provide benefits for the same covered loss. When stacking coverages, the coverage limit is determined by adding together the UM/UIM benefits limits available under each vehicle's UM/UIM coverage. *Rashid v. State Farm Mut. Auto. Ins. Co.*, 163 Ariz. 270, 272-73 n.2, 787 P.2d 1066, 1068-69 n.2 (1990) (defining "stacking" as "combin[ing] the coverages of a single policy or multiple policies issued by a single insurer").

Plaintiffs in all four Related Cases have alleged that the insurer, during their claims handling, has failed to stack UM/UIM benefits as required by law. Each insured had purchased UM/UIM coverage for multiple vehicles from the Defendant and was later seriously injured or killed by an uninsured or underinsured motorist in an auto accident. When each Plaintiff made a claim

---

[1] *See also Rashid v. State Farm Mut. Auto. Ins. Co.*, 162, Ariz. 270, 272 n.2, 787 P.2d 1066, 1068 n.2 (1990) (defining "stacking" as "combin[ing] the coverages of a single policy or multiple policies issued by a single insurer").

for UM/UIM benefits, the Defendant insurer refused to stack benefits for UM/UIM coverages purchased for the multiple vehicles, despite its failure to satisfy one of the two options outlined in A.R.S. § 20-259.01(H). Each Plaintiff sued for a declaratory judgment under Rule 23(b)(2) regarding her rights and the rights of a class of similarly situated insureds, as well as money damages.

Judge Bolton upheld nearly identical claims in *Heaton*, regarding a different insurer's failure to stack coverages for multiple vehicles despite its failure to satisfy the conditions necessary to avoid stacking. 2021 WL 6805629, at *3-8. "Having found that Ms. Heaton and Ms. Bell have multiple UM/UIM coverages under the statute by virtue of insuring multiple vehicles, the Court concludes that both Ms. Heaton and Ms. Bell may stack their available coverages because Metropolitan did not adhere to the requirements of A.R.S. § 20-259.01(H) to prevent stacking." *Id*. at 8.

Dale was filed on September 30, 2022, and is pending before Judge James A. Teilborg. See Complaint, Dale, No. 2:22-cv-01659 (D. Ariz. Sept. 30, 2022), ECF No. 1 ("Dale Compl."). Muehlhausen was filed on October 12, 2022, and is pending before Judge Steven P. Logan. See Complaint, Muehlhausen, No. 2:22-cv-01747 (D. Ariz. filed on October 12, 2022), ECF No. 1 ("Muehlhausen Compl."). Franklin was filed on April 4, 2022, and is pending before Judge John J. Tuchi. *See* Complaints, Franklin, No. 2:22-cv-00540 (D. Ariz. Apr. 4, 2022), ECF No. 1 ("Franklin Compl.") and Franklin, No. 2:22-cv-00540 (D. Ariz. Apr. 21, 2022), ECF No. 15 ("Franklin First Amended Compl."). Doyle was filed on April 18, 2022, and is pending before Judge John J. Tuchi. *See* Complaint, Doyle, No. 2:22-cv-00638 (D. Ariz. Apr. 18, 2022), ECF No. 1 ("Doyle Compl.").

## III.    ARGUMENT

### A.    Transfer of the Actions Will Promote Judicial Economy and Satisfy the Factors of LRCiv 42.1

Under LRCiv 42.1(A), transfer is appropriate where the movant shows that two or more cases:

> (1) arise from substantially the same transaction or event; (2) involve substantially the same parties or property; (3) involve the same patent, trademark, or copyright; (4) call for determination of substantially the same questions of law; or (5) for any other reason would entail substantial duplication of labor if heard by different Judges.

The movant need only show that one factor exists. *Smith v. Sperling*, No. 11-cv-0722, 2011 WL 4101508, at *1-2 (D. Ariz. Sept. 14, 2011).

The Related Cases all raise common questions of law. *See* LRCiv 42.1(a)(4). Plaintiffs in the Related Cases all assert claims of breach of contract and bad faith against insurance companies for not permitting their customers to stack policies or coverages for uninsured and underinsured motor vehicle accident claims unless the insurer employs one of two easy methods to avoid stacking – either (1) including a "statement" in the policy "inform[ing]" the insured of her "right to select one policy or coverage" as "applicable to any one accident," or (2) sending the insured, within thirty days of being notified of the accident, written notice of her "right to select one policy or coverage." A.R.S. § 20-259.01(H). In all these cases, the insurer did neither.[2]

Further, the Related Cases present parallel questions as to whether a class may be certified under Rule 23 to resolve this common question. All four of the cases seek a Rule 23(b)(2) declaration on behalf of the class that will determine class members' rights under the policy in relation to the insurer's

---

[2] Dale Compl. (ECF 1) at 16, 17; Muehlhausen Compl. (ECF 1) at 23, 24; Doyle Compl. (ECF 1) at 12, 13; Franklin Compl. (ECF 1) at 16; Franklin First Amended Compl.(ECF 15) at 16.

wrongful failure to stack UM/UIM benefits under A.R.S. § 20-259.01(H). And two of the cases present additional parallel questions as to whether a class may be certified on claims for monetary relief under Rule 23(b)(3).

Finally, because each of the Related Cases arises out of substantially similar facts and claims, the course of discovery in each is likely to involve similar issues and rulings.

## B.   Denying this Motion would Result in Substantial Duplication of Judicial Labor

If different judges preside over the Related Cases, they will have to duplicate the efforts of Judge Tuchi in the present action and in *Doyle v. Pekin*, No. 2:22-cv-00638, also currently assigned to Judge Tuchi. While the law in the district clearly supports each Plaintiff's claims, *see Heaton*, 2021 WL 6805629, the issues involve technical questions of insurance law that require intensive and detailed analysis. Plaintiffs in each of the Related Cases are represented by common counsel at Hagens Berman Sobol Shapiro. To require multiple judges to investigate and resolve the same legal question again and again, especially with the same counsel, creates an unnecessary burden on this court and creates a risk of inconsistent adjudications. Similarly, resolving class certification issues regarding these parallel questions will avoid unnecessary duplication of effort and avoid inconsistent rulings within the Court.

Transfer will not prejudice any party. Plaintiffs in the Related Cases filed their complaints recently. The Court has not rendered any substantive decisions or considered any substantive issues in the Related Cases. *See Frisancho v. Brewer*, No. 10-cv-926, 2010 WL 11453974, at *1 (D. Ariz. June 25, 2010) (Bolton, J.) (holding that transfer was appropriate to the Court assigned the case with the lowest case number where "[n]o substantive matters ha[d] been considered, much less resolved"). Given that no

substantive matters have been considered or resolved in the Related Cases, transfer to Judge Tuchi is appropriate.

## IV.   CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Transfer should be granted.

Dated: October 26, 2022

Respectfully submitted by,

HAGENS BERMAN SOBOL SHAPIRO LLP

By: *s/ Robert B. Carey*
    Robert B. Carey
    John M. DeStefano
    11 West Jefferson Street, Suite 1000
    Phoenix, Arizona 85003
    Telephone: (602) 840-5900
    Facsimile: (602) 840-3012
    Email: rob@hbsslaw.com
    Email: johnd@hbsslaw.com

GOLDSTEIN WOODS & ALAGHA
    Evan Goldstein
    706 E Bell Rd., Ste. 200
    Phoenix, AZ 85022
    Telephone: 602.569.8200
    Email: egoldstein@gwalawfirm.com

GUIDANT LAW PLC
    Sam Saks
    402 E Southern Avenue
    Tempe, AZ 85282
    Telephone: 602.888.0725
    Email: sam@guidant.law

*Attorneys for Plaintiff*